59   613
80   509

59   613
115   376

## MAXWELL v. GRAVES.

1. **Contract**: MODIFICATION OF: PARTIAL PERFORMANCE: CONSIDERATION. Where the parties entered into a written contract, and afterwards orally agreed to a modification thereof, and the plaintiff performed his part of the modified contract and the defendant accepted of such performance, the defendant cannot be heard to say that there was no consideration for the modification.

2. **Practice in Supreme Court**: IRRELEVANT MATTERS NOT CONSIDERED. Where the appeal was from an order sustaining a motion to strike out part of an " amended and substituted petition," the appellate court cannot consider the *original* petition and an *amendment* thereto, parts of which are set forth in the argument.

3. ———: QUESTION NOT PASSED ON BELOW. This court will not entertain a question which was not passed upon in the court below.

### *Appeal from Palo Alto Circuit Court.*

### FRIDAY, OCTOBER 20.

THE substance of the petition is, that in September, 1880, the defendant leased and delivered twenty cows to the plaintiff, for three years, by a written contract, by which it was agreed that the plaintiff should keep the cows and their increase in a certain specified manner, and at the end of the three years the stock and increase was to be appraised by disinterested parties, and the defendant was to have the original value of the twenty head of cows, in cows between the ages of three and six years, and each party to have one-half of the remainder; that after the written contract was made and the cows delivered to plaintiff, the contract was modified or changed by a parol agreement, by which the defendant promised that, if any of the cows previously delivered to plaintiff should not have calves in the spring of 1881, the defendant should take them back, and supply their places, under the contract, by delivering to plaintiff an equal number of good cows and calves; that in the spring of 1881, ten of said cows did not have calves, and the parties agreed to make such exchange in

May, 1881; that plaintiff took said ten barren cows to Emmetsburg, and delivered them to defendant according to verbal agreement, but defendant refused to make the exchange, and refused to give plaintiff ten cows and ten calves as agreed upon; that in June, 1881, defendant wholly abandoned the written contract with its verbal modifications, and "took from plaintiff said stock mentioned, and refused to furnish plaintiff other cows instead thereof." Damages are claimed for the alleged failure upon the part of the defendant to make such exchange.

The defendant moved to strike from the petition all that part of it relating to the parol contract made subsequently to the written contract, upon the ground that the parol contract was without consideration. The motion was sustained. The plaintiff elected to stand upon his petition, and he appeals.

*John Jenswold, Jr.,* and *T. W. Harrison,* for appellant.

*Soper & Crawford,* for appellee.

ROTHROCK, J.—I. It is argued at some length that there was a consideration for the parol modification of the contract at the time it was made, and the petition alleges that this consideration was that expressed in the original written agreement, and the mutual benefits to be derived by each of the parties by the exchange. We do not feel called upon to determine whether this was a consideration for the modification of the contract or not.

It is averred in the petition, and contended in argument, that the plaintiff delivered the ten barren cows to the defendant in pursuance of the parol change in the contract. If they were delivered, they must have been received by the defendant, and, if received, the plaintiff thereby parted with them. He had been at the expense of keeping them through the winter, and taking them to the place of making the exchange. It is very clear that, even if there was no original consideration

for the parol modification of the contract, the defendant cannot raise that question after the plaintiff has performed his part of it, and the defendant has accepted such performance. Something is said in argument by counsel for appellee about the original petition, and an amendment thereto, and parts of these pleadings are set forth in the argument. They cannot be allowed consideration in this appeal, because the pleading which was attacked by the motion appears to be "an amended and substituted petition."

II. The motion also made the question that the petition contained two alleged causes of action, and asked that plaintiff be required to separate and divide the same. No ruling was made upon this part of the motion. We are requested by counsel for appellee to determine that question. As it was not passed upon by the court below, we cannot entertain it. We think the motion to strike was improperly sustained.

REVERSED.