## STEELE V. SANCHEZ.

Contracts: WANT OF CONSIDERATION: ESTOPPEL. A party to an executory contract cannot, after having voluntarily performed it and received its fruits, without being disturbed in their enjoyment, set up the want of consideration in the contract. (*Maxwell v. Graves*, 59 Iowa, 613.) And so, where plaintiff quarried stone from a quarry supposed to belong to defendant, but to which it afterwards appeared that defendant had no title, under a contract requiring him to give to the defendant a certain percentage of the stone, *held* that he could not, while in the unmolested enjoyment of the stone quarried, recover of defendant for the stone delivered under the contract, on the ground that the contract was without consideration.

*Appeal from Wapello District Court.*—HON. DELL STUART, Judge.

FILED, JUNE 5, 1890.

ACTION to recover for stone furnished by plaintiff to defendant. The case was tried without a jury, and a judgment was rendered for plaintiff. Defendant appeals. The case has before been in this court. 72 Iowa, 65.

*E. L. Burton*, for appellant.

*W. H. C. Jaques*, for appellee.

BECK, J.—I. Plaintiff alleges in his petition that under a parol contract. he delivered certain stone to defendant, and asks to recover therefor. A second count upon the same action is in the *quantum meruit* form, but recovery is sought upon one count only. Defendant, answering these counts of the petition, alleges that he owned a quarry from which plaintiff, under a parol contract with him, quarried and removed stone, being bound to pay defendant fifteen per cent. of the stone quarried; and the stone in question in this case was received by defendant under this contract. The answer sets up a counter-claim for stone received by plaintiff and not paid for.' An amended petition seeks to recover for stone delivered to defendant upon a contract under, which he was to quarry stone upon land claimed by defendant, and deliver a part of the stone to defendant. The defendant had no title to the quarry, or right to obtain or sell stone therefrom, and, therefore, plaintiff is entitled to recover at least the value of his labor in quarrying the stone. The plaintiff replied to defendant's answer, denying all allegations thereof, "but admits that defendant received the stone named, and many more." The reply contains this language: "Says there was some kind of a contract between him and the defendant by which he was to pay for the stone in the quarry, but said such contract was without consideration in this: That defendant represented to plaintiff that he was the owner of the stone when they lay in the quarry in the bed of the Des Moines river, and plaintiff agreed to pay for the stone on the theory that defendant was the owner of the same, but that he has since ascertained that defendant never had any title to the bed of the river at that place." Defendant filed an amended answer, showing that he was in possession of the quarry, and made with plaintiff a parol contract

to the effect that defendant would permit plaintiff to quarry stone in the quarry, and take them out over the land of defendant, and deposit them on defendant's land, on condition that he would deliver defendant fifteen per cent. of the stone quarried, and that defendant was not to pay plaintiff for the stone, or for the labor of quarrying them. The plaintiff filed a reply to this amended answer, making his reply to the original answer his reply to this amended answer.

II. Under the decision of this court in this case when here before, defendant has no title to the land upon which the quarry is situated, and no right to the stone quarried therefrom. Therefore, there was no consideration for the contract under which the stone was delivered to defendant by plaintiff. 72 Iowa, 65. That there was a contract under which plaintiff delivered the stone for which suit is brought is admitted by plaintiff, while not admitting its terms and conditions as stated by defendant. But he admits, in effect, that the stone was received by defendant upon a contract under which he was bound to pay for them. The contract, it clearly appears, was for future receipt of and payment for stone by plaintiff. It was, therefore, an executory contract which plaintiff performed. He cannot, after having voluntarily performed it, and received its fruits, without being disturbed in their enjoyment, set up the want of consideration. *Maxwell v. Graves,* 59 Iowa, 613 ; Bish. Cont., secs. 50, 81.

The existence of a contract, and the receipt of the stone by plaintiff under it, is admitted by the pleading ; and there is evidence tending to establish it. We need not inquire as to the terms and conditions. It is sufficient to know that plaintiff received the stone, and used them without disturbance under the executory contract ; and upon these facts there can be no doubt, and there may be said to be no conflict in the evidence. He cannot, as we have seen, set up want of consideration after having received the fruit of his executory contract, and never having been deprived thereof. Upon these

considerations the court below should have entered judgment against plaintiff. The judgment for plaintiff, in this view of the case, is wholly without the support of evidence.

Other questions in the case need not be considered, as the judgment of the court below must be reversed, and they may not arise in another trial.

REVERSED.