## C. M. KELLER v. R. B. STRONG, Appellant.

**Compromise and Settlement:** CONSIDERATION.  An agreement to accept less than the amount due is without consideration,

**Evidence:** TRUSTS:  *Parol variance.*  An express trust in real property cannot be established by oral evidence.

**Pleading:** MOTION TO STRIKE:  *Waiver.*  The remedy for the addition to a petition by amendment, of a count which is inconsistent with a count already set up in the petition, is by motion to strike, and the objection is waived by answering.

*Appeal from Decatur District Court.* — HON. H. M. TOWNER, Judge.

### SATURDAY, JANUARY 29, 1898.

THE plaintiff conveyed to the defendant one hundred and forty acres of land August 28, 1893, and this action is brought to recover the balance of the consideration.  Judgment for plaintiff, and defendant appeals. —*Affirmed.*

*Marion F. Stookey* for appellant.

*C..W. Hoffman* and *V. R. McGinnis* for appellee.

LADD, J.—The amended and substituted petition alleges a sale of the land to defendant for four thousand two hundred dollars, of which two thousand six hundred and thirty-one dollars had been paid, and asks judgment for the balance.  The original petition, as an amendment, was thereafter filed, averring that the conveyance was made to Strong, with the oral understanding that he control the premises, exercise reasonable diligence to sell the same, and, out of the proceeds, pay

certain indebtedness of the plaintiff, and account for the balance; that he had sold it for three thousand five hundred dollars, appropriated the crops growing thereon to his own use, paid two thousand six hundred and thirty-one dollars of plaintiff's debts, and asking that he account for anything remaining in his hands. The defendant insists that, by filing the amendment alleging an express trust, inconsistent with the averments of sale, the plaintiff elected to rely thereon. But it neither withdrew nor modified any of the allegations of the amended and substituted petition. It was in the nature of a separate count or cause of action for the same indebtedness, and, if so inconsistent that it could not be properly joined (a point not decided), the remedy was by motion to strike, and the objection waived was by filing the answer. Code, section 3548; *Kimball v. Bryan*, 56 Iowa, 632. The amendment did not state a cause of action which could be maintained, as an express trust cannot be established by oral evidence. Code, section 2818: *Andrew v. Concannon*, 76 Iowa, 251; *McGinness v. Barton*, 71 Iowa, 644; *McClain v. McClain*, 57 Iowa, 167; *Shaffer v. McCrackin*, 90 Iowa, 578; *Brown v. Barngrover*, 82 Iowa, 204; *Dunn v. Zwilling*, 94 Iowa, 233; *Maroney v. Maroney*, 97 Iowa, 711. And a party will be presumed to rely upon a cause of action which may be sustained by proof, rather than upon another, to support which the evidence offered is incompetent.

II. The defendant answered by pleading a general denial, alleged that he bought the land at the agreed price of three thousand dollars, and that the conveyance was made to defraud creditors. There was some evidence of statements made by each party, to the effect that the conveyance was fraudulent, but neither so testified, and this defense is not proven.

III. If the sale of the land was for specific amount, which the defendant orally agreed to pay in consideration of the conveyance, the indebtedness may be enforced like any other. The defendant insists that he bought the land at the price of three thousand dollars, out of which he agreed to, and did, discharge the indebtedness of plaintiff, and paid him the balance in cash. The plaintiff says it was a sale on similar terms, but the price fixed was four thousand two hundred dollars, and this was the consideration named in the deed. The plaintiff testified that it was orally understood that Strong was to do the best he could with the land, and, if he could not sell it, he (plaintiff )was to take it back. This was mere talk at the time of the sale, and does not show that Strong took the land to hold for Keller, nor does it show that a price was not agreed upon. The sale may have been absolute, and yet plaintiff have agreed to take it back on a contingency, which in this case did not arise. The evidence shows that a written memorandum of the sale was made about a month after the delivery of the deed, but this is not controlling as to price or terms. An agreement to accept less than the amount due is without consideration. *Bender v. Been,* 78 Iowa, 283; *Murray v. Walker,* 83 Iowa, 202. And the evidence shows it was not made in settlement, but for defendant's use in some attachment suit. Strong paid Keller on his indebtedness more than the amount claimed by him to have been agreed upon, and admitted in words and by his conduct a large sum still due. He claimed to have paid one debt of Keller, at least, not owing by him, and which he had not in fact paid. Several witnesses testify that Keller admitted having sold the land at twenty dollars per acre. Without reviewing the evidence in detail, it is enough to say we are fully satisfied with the

conclusion reached by the district court. The plaintiff only asked for the amount received by the defendant, and no exception is taken to that allowed.—AFFIRMED.