GEORGE A. BLAESS v. NICHOLS & SHEPARD COMPANY, Appellant.

115 373
123 558
115 373
128 419
115 373
136 283

Agency: AUTHORITY TO WARRANT: *Receipt of consideration by principal.* Where the seller of machinery receives the consideration, it will not be heard in an action on a warranty thereof, to deny that its agent had authority to make the sale and warranty.

APPARENT GENERAL AGENCY: *Presumptions as to powers.* An agent having power to sell and warrant machinery for his principal, and apparently being a general agent, will be presumed, in an action on the warranty, to have been empowered to make such reasonable terms as he saw fit.

GENERAL AGENTS: *Power to modify contract.* A general agent, empowered to sell and warrant the machinery of his principal, has authority, after entering into a contract of sale and warranty, to change or waive the terms thereof.

CONSIDERATION FOR MODIFICATION OF CONTRACT. Where a purchaser of machinery under a warranty requiring a return thereof within a certain time if unsatisfactory keeps the machine under a modified agreement, and performs the latter agreement, the seller will not be heard to say, in an action on the warranty contained in the modified agreement, that there is no consideration to support it.

ADDITION TO OR SUBSTITUTE FOR CONTRACT. A band cutter and feeder
was sold under a warranty, and thereafter the seller and pur-
chaser entered into an agreement that, if the feeder would
not work, a feeder of another description should be substituted.
*Held*, in an action on the original warranty, that the latter
contract was in addition to the original contract of warranty,
and not a substitute therefor which would prevent an action
on the original warranty.

*Appeal from Winneshiek District Court.*—HON. A. N. HOB-
SON, Judge.

SATURDAY, JANUARY 25, 1902.

PLAINTIFF purchased a certain band cutter and feeder
from defendant under a warranty, giving his notes therefor.
The notes were paid,—the first one, while plaintiff, under
the directions of defendant's agent, was operating the machine
and trying to make it do the work promised; the others, after
they had been transferred to an innocent third party. This
action is to recover damages for the breach of such warranty.
Defendant introduced no evidence, and the court instructed
the jury to return a verdict in plaintiff's favor, which was
done, and judgment in due time was entered thereon. De-
fendant appeals.—*Affirmed.*

*Frank Sayre* for appellant.

*N. Willett* and *A. F. Anundsen* for appellee.

WATERMAN, J.—Appellant urges three grounds for a
reversal, which we shall take up in the order presented.
The contract of sale and warranty was in writing. It was
entered into on defendant's part by one Bradley as
agent. This contract provided that, in case the ma-
chine failed to work, notice in writing of such failure
should be given defendant within five days after the starting
of the machine, and that longer use was conclusive evidence

of the fulfillment of the warranty.   There was also a clause
in the contract barring any right of action after the expira-
tion of the year in which the machine was sold, which was
1893.   This action was begun in 1897.   Plaintiff was
allowed to testify that, after the contract was executed,
Bradley presented the notes for his signature; that he then
objected to the limitation of five days for the trial of the
machine, and that Bradley told him, if the machine failed
to work at any time during the season he need not keep it,
—that the company would not force it upon him; and, fur-
ther, that in the fall of 1893 Bradley asked him to keep
the machine and try it in the fall of 1894, and said that
a man would be sent out to fix it.   Plaintiff further testified
that a man came from defendant in 1894 and helped to load
the machine when plaintiff was about to start work, but
did nothing more.   In addition to this, plaintiff testified that
Bradley told him, if the machine did not work, to "throw
it away."   It is said there is no showing that Bradley had
any authority to alter or waive any of the terms of the
written contract.   There is no restriction in the contract
upon the authority of defendant's agents in this respect.

No question is made but that Bradley had authority
to make this sale and warranty; nor could such a
question be successfully raised, since defendant re-
ceived and has kept the consideration paid.   Having power
to sell and warrant, Bradley, who appears to have been a
general agent, presumably could make such reasonable terms
as he saw fit.   *First Nat. Bank v. Robinson,* 105 Iowa, 464.
He had authority, after having entered into the contract,
to change or waive its terms.   *Osgood v. Backer,* 81 Iowa,
375; *McCormick Machine Co. v. Brower,* 88 Iowa, 607;
*Peterson v. Machine Co.,* 97 Iowa, 148.

II.   The next point sought to be made is that, if
Bradley had authority to change the terms of the contract,

no consideration is shown for the new agreement. This issue is fully met by a former holding of this court that, where the obligation of one party under a contract as modified has been performed, the other cannot object that such modification was without consideration. *Maxwell v. Graves,* 59 Iowa, 613. Plaintiff kept this machine under the modified agreement, giving it a full and fair test, using every endeavor to make it work. Now that he has lost his rights under the original contract, it is too late for defendant to say the modification has no consideration to support it.

III. Plaintiff attached to his petition, together with the original contract, the following instrument, as an exhibit:

"Decorah, Iowa, ——, 189—. Geo. Blaess wants shake belt, feeder belt; also wants old style for shake belt, beater belt, and feeder belt; and if we cannot make the feeder work all right, you are to put on the Barker feeder built by you. S. C. Bradley.

"And Nichols & Shepard is to send a man there to put these things on the separator and operate the feeder early in the season on rye. S. C. Bradley."

He also introduced this instrument in evidence.

It is now contended on the part of appellant that this was a substitution for the old contract, so far as relates to plaintiff's remedy in case of a breach of warranty; that under this last agreement he was entitled only to another machine, and that a demand therefore upon defendant, and refusal by it, were necessary to convert plaintiff's claim into a money demand. No such issue as this is presented by the answer, nor does defendant aver a readiness to furnish another machine. In this condition of the pleadings, defendant is perhaps in no situation to take advantage of plaintiff's omission to make demand. But we may well rest our conclusion on another ground: While this instrument was an addition to the original contract,

there is nothing to show that it was in substitution of any part. It gave defendant the right to furnish another machine, and, if it had done so, doubtless plaintiff could not have insisted on a money claim; but it did not annul the provision of the original agreement, which gave plaintiff a money demand in case of a breach of warranty, by limiting his claim only to a new machine. No such limitation can be fairly deduced from the language of the instrument.

The judgment of the trial court is in all respects correct, and it is therefore AFFIRMED.