JOSEPH H. JONES, Appellee v. MRS. B. E. HAINES, Appellant.

**Modification of Contract:** COMPENSATION OF ATTORNEY: *Consideration*. Where an attorney is employed on an understanding that he shall receive no compensation unless he obtains a fav-

orable judgment, and subsequently the client changes his plans
as to the proposed course of procedure, such change is sufficient
consideration to support an agreement whereby the attorney is
to receive, in any event, the reasonable value of his services.

*Appeal from Polk District Court.*—Hon. W. F. Conrad,
Judge.

Saturday, May 17, 1902.

Action to recover for services alleged to have been
rendered under contract made with the defendant.    Judg-
ment for plaintiff, and defendant appeals.—*Affirmed.*

*Thos. F. Stevenson* for appellant.

*Read & Read* for appellee.

Weaver, J.—The plaintiff is an attorney at law, and
in that capacity appeared for defendant in certain litiga-
tion involving the right of the latter to redeem certain
property from sheriff's sale.    This service plaintiff says
was rendered under an express oral agreement by defend-
ant to pay the reasonable value thereof.  Defendant admits
that plaintiff appeared in her behalf in said litigation, but
says it was done pursuant to an express agreement by
which plaintiff was to receive nothing unless he succeeded
in obtaining a favorable judgment, and in so disposing of
the subject-matter of the controversy as to save her claim
therein of about $2,500, and that, as a matter of fact, she
has received nothing therefrom.    It was conceded on the
trial that an agreement substantially as claimed by defend-
ant was made between the parties in the first instance;
but plaintiff insists that before the business had progressed
far defendant, who had theretofore declined to furnish the
money to redeem the property from the sheriff's sale,
changed her mind, and declared her desire to make such

redemption. In view of this change of plan, the plaintiff alleges that the original agreement by which his compensation was made contingent upon the collection of defendant's claim was abandoned, and defendant agreed to pay him what his services were reasonably worth. There is a sharp conflict in the testimony of the parties and witnesses as to the truth of these allegations, and appellant's argument is largely devoted to a discussion of the facts. It is unnecessary for us to review the testimony, as might be proper were the case triable here *de novo*. The credibility of the witnesses, and the weight and value of their several statements were for the jury to consider and determine, and we cannot say that the verdict is without sufficient support. The instructions of the court are not as clear, in some respects, as could be desired, but we think them fairly intelligible, and the jury were not misled. The issue made was a simple one, and there was but little in the facts shown to confuse or obscure the real question upon which the verdict was to be rendered. Taking the charges as a whole, we think there was no substantial error.

It is urged, however, that, taking the plaintiff's own statement, there was no consideration for the alleged change in the agreement by which defendant became bound to pay for plaintiff's services without regard to the collection of her claim. It was, we think, competent for the parties to change the basis and terms of their agreement. According to plaintiff's contention, the first agreement did not contemplate a redemption by the defendant. If so, and at a later date this plan was abandoned, and defendant desired to exercise that right, such change in the plan of action would afford sufficient consideration to support the new agreement.

Complaint is also made of rulings of the trial court upon the introduction of evidence; but without setting them out in detail we have to say that the excluded testi-

mony appears to be immaterial, or of such indirect bearing that the refusal to admit it cannot be presumed to have worked any prejudice to the appellant.

The judgment below is AFFIRMED.