W. M. STRAHN, Appellant, v. C. S. JOHNSON, Appellee.

**CONTRACTS:** Consideration—Substitution of New Contract. An *executory* contract may be canceled and a new contract substituted therefor without any *new* consideration for the latter contract.

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

JANUARY 15, 1924.

REHEARING DENIED MAY 16, 1924.

ACTION to recover damages for failure to convey real estate under written agreement. Jury returned verdict for defendant. Plaintiff appeals.—*Affirmed.*

*Malcolm Currie* and *Sims & Kuehnle,* for appellant.

*S. M. Elwood* and *P. W. Harding,* for appellee.

ARTHUR, C. J.—I. On January 10, 1910, the parties to this action entered into a written contract, by the terms of which appellant agreed to sell and convey to appellee, for a consideration of $3,700, two lots and the buildings thereon, in the town of Kiron, Crawford County, Iowa, subject to a mortgage thereon of $800. Appellee agreed to sell and convey to appellant a quarter section of land in Dickey County, North Dakota, for a consideration of $3,700. The Kiron property was valued at $4,500, and the North Dakota land at $6,400, the equity in each

being fixed and agreed upon as $3,700. By the terms of the contract, appellant was to have ten days to "see the land in and cancel this contract in."

Appellant bases his action upon his performance of said contract and the breach of said contract by appellee. Appellant alleges that, on the 31st day of January following the entering into said contract, he fully performed his part of the contract by conveying to appellee the Crawford County property, and that appellee failed to execute and deliver conveyance of the North Dakota land, for the reason that he did not have title, but held only a contract for conveyance of same, which contract was executed by the W. A. McCulley Land Company, assuming to act for the Baldwin estate, owner of the land; that appellee assured appellant that, if appellant would make one or more payments on the North Dakota land contract to the land company, he, appellee, would procure the title to said land and would comply with the terms of said contract of January 10th, and would convey said land to appellant; that appellant, relying thereon, and believing that appellee would procure title to said land, made two payments to said land company, of $300 each, and one payment of $100, and then ceased to make payments to said land company, for the reason that he was unable to obtain any assurance from said land company that any further payments would be of any avail in procuring the title to said land; that thereupon, appellant demanded from appellee a deed for said land, as stipulated in the contract of January 10th, but that appellee failed to convey said land to appellant; and that, by reason of such failure to comply with the contract of January 10th, he has been damaged in the amount of $3,700, with interest thereon, as the value of the property lost to him.

Answering, appellee, in the first division of his answer, says that he and appellant signed the contract of January 10th, and admits that a trade of properties was afterwards negotiated, whereby appellant conveyed the Crawford County property, described in the contract of January 10th. He says that, in return therefor, appellee transferred to appellant all his interest in the quarter section of land in North Dakota described in the contract of January 10th, by a written assignment of a cer-

tain written contract for said land which appellee had with the W. A. McCulley Land Company; that appellant failed to make the payment under said contract. Appellee specifically denies' that the trade of said properties was consummated under the terms of the contract of January 10th; denies that he ever assured appellant that, if he would make one or more payments on the McCulley Land Company contract, he, appellee, would procure title to the North Dakota land for appellant; alleges that the contract of January 10th was not acted upon, adopted, or ratified by the parties in the consummation of exchange of properties; alleges that the contract of January 10th was abandoned by an oral contract of exchange, and by written assignment of the land company contract by appellee to appellant on January 31, 1910.

In another division of his answer, appellee alleged that, after signing the contract of January 10th, appellant made a personal examination of the North Dakota land and of appellee's interest therein, as based upon the land company contract; and that, after full investigation thereof, and on or about January 31, 1910, appellant and appellee entered into an oral agreement for the exchange of properties, as follows: Appellant agreed to trade and convey the Crawford County property to appellee at a trade value of $3,700, and an $800 mortgage incumbrance, and furnish an abstract of title thereto, for an assignment and transfer of appellee's contract with said land company, at a trade valuation of $5,600 for said North Dakota land, subject to an indebtedness of $2,700, which appellant assumed and agreed to pay in the manner specified in the contract which appellee had with the land company; and in consideration therefor, appellee agreed to pay appellant $575 in cash for fixtures in the Kiron store property, and to assume and pay the $800 mortgage resting on the Kiron store property, and to transfer and assign to appellant all his interest in the North Dakota land contract with the land company, and to furnish an abstract of title to said land. He further alleges that, under said oral agreement of January 31st, appellant conveyed to appellee the Kiron property, and delivered an abstract of title thereto; that, in fulfillment of the terms of said oral agreement of January 31st on his part, appellee assigned to appellant all his interest

in said McCulley land contract, and delivered an abstract of title to the North Dakota land, and paid appellant the sum of $575 for the fixtures in the store building located on the Kiron lots, and thereby fully performed his part of said oral contract of January 31st; but that appellant failed to make the payments or perform the conditions imposed upon him by acceptance of the assignment of the said W. A. McCulley Land Company contract, but breached said contract by failure to make said payment. The case was submitted to a jury on the issues thus made.

II.   Appellant's cause of action is predicated upon the theory that the equities in the Kiron property and the North Dakota property were fixed at $3,700 by the contract of January 10th; that by said contract the parties undertook an exchange of properties, agreeing and fixing upon the value of the equity in each at $3,700; that the·claim made in the petition, of $3,700, was a liquidated demand; that, when appellant delivered to appellee the deed for the Kiron property, appellant was entitled in return to receive a deed for the North Dakota property, under the contract of January 10th; that, failing to deliver deed to the North Dakota land, appellee was bound to respond in damages in the amount of the value of the equity fixed in the land, $3,700.

Appellant's complaint, made in various ways in assignments of error lodged against instructions submitting the case to·the jury, is, in substance and effect, that it was error to state to the jury and permit the jury to find that, if the McCulley land contract was given to appellant in satisfaction of the obligation assumed by appellee, under the contract of January 10th, that would operate as a release of appellee from any further liability under such contract.   The alleged release which appellee pleaded as an affirmative defense was by virtue of the delivery to appellant of the McCulley land contract.   Appellant insists that it is clearly shown by the record that the land company contract was of no value; that the record shows that the land company had no title to the North Dakota land; that the land was owned by the Baldwin estate; that the land company had no authority to sell the land.   Predicated upon the fact, as appellant claims, that the McCulley land contract was of no value, counsel for appellant urge the proposition that any payment less than the amount due on the liquidated demand, furnished appellant by

the contract of January 10th, does not operate as a release of appellee's obligation to respond in damages in the amount of the agreed value of the equity in the Kiron property, under the contract of January 10th. Appellant challenges as error the whole theory of the trial court in submitting the case to the jury. We may to advantage set forth some of the instructions, to show the view of the trial court which is challenged by appellant.

Instruction 5, after stating that the undisputed testimony showed that the claimed contract of January 10th was made, and the terms thereof, stated that this action was brought alleging that appellee failed to convey to appellant the North Dakota land, as agreed in said contract; that it was agreed by both parties that appellee did not have title to the North Dakota land, and did not deed said land to appellant; and that for this reason appellant would be entitled to recover from appellee $3,700, being the value fixed in the contract for the property, with interest, "unless you find by a preponderance of the evidence that the defendant has established the affirmative defense pleaded by him in this action."

Instructions 7, 8, and 10 are as follows:

"It is the claim of the defendant herein that, after the making of the written contract of January 10, 1910, the parties hereto, on the 31st day of January, 1910, modified said written contract by an oral agreement which was entered into between them, and that, under the terms of said oral agreement thus made between the parties on said 31st day of January, 1910, the plaintiff herein was advised of the fact that the defendant did not have title to the North Dakota land, but merely held a contract with the W. A. McCulley Land Company for the purchase of the same, and that the true owner of the land was a certain Baldwin, or Baldwin estate, and that the parties hereto on said date mutually agreed that, in lieu of deeding the premises to the plaintiff, the defendant was to turn over to the plaintiff said written contract of purchase with said W. A. McCulley Land Company, and that the defendant assigned, by writing, his interest in said contract, and that the plaintiff was to accept the same in lieu of a deed and the execution of a mortgage and the payment of the purchase price otherwise than as by such con-

tract of purchase, and that the plaintiff by virtue of such oral understanding and agreement accepted such contract and the assignment thereof in lieu of a deed from the defendant, and that the parties hereto consummated their exchange of properties accordingly. And in this connection you are instructed that the burden of proof is upon the defendant, to establish by a preponderance of the evidence that such an oral understanding and agreement was made on the 31st day of January, 1910, between the parties hereto, and that the plaintiff herein accepted said written contract of purchase between the defendant and the W. A. McCulley Land Company, in lieu of a deed to said premises; and if the defendant has thus established said matters by a preponderance of the evidence, the plaintiff is not entitled to recover herein. One of the matters for your determination is as to just what the arrangement was between the plaintiff and the defendant, as entered into on January 31, 1910. The plaintiff claims that the contract which defendant had with the W. A. McCulley Land Company was taken by plaintiff, and payments made as provided in said contract in certain particulars at the solicitation of the defendant, and with the understanding that the defendant would obtain title thereafter and make conveyance, or see that conveyance was made, to the plaintiff; and if this was the understanding and agreement between the parties, then, in such event, it could not be regarded in law that the plaintiff accepted said contract which defendant had with the W. A. McCulley Land Company, or a written assignment thereof, in lieu of a deed to the North Dakota land. On the other hand, if the defendant has established by a preponderance of the evidence that these parties had an oral understanding by which the plaintiff took this land contract which the defendant had with the W. A. McCulley Land Company, and the parties understood that it was so taken instead of and in lieu of a deed given by the defendant, or obtained by the defendant, then, in such event, the plaintiff would not be entitled to recover. The ultimate question for your determination is as to what understanding and agreement, if any, the parties hereto had on January 31, 1910, when plaintiff deeded to defendant the Kiron property, and defendant gave to plaintiff the McCulley land contract. A solution of this question necessarily determines the case."

Plaintiff's whole contention, as we understand the record, in his complaint of instructions given, refusal of requested instructions, overruling motion for judgment notwithstanding the verdict, and motion for a new trial, all center in the position taken by him that the claim of appellant was for a liquidated demand; that delivery of the McCulley land contract to appellant was futile, because of no value, and, therefore, there was no release from the obligation in the contract of January 10th, because there was no consideration for any release; and that, with no release, appellee was liable for the $3,700 agreed value of the. equity in the North Dakota land, and also for payments made by appellant to the McCulley Land Company.

The vital question is: Was the court in error in submitting to the jury the affirmative defense of appellee, and permitting the jury to find, if established by a preponderance of the evidence, that an oral agreement was entered into by the parties on the 31st of January, whereby appellant accepted the written contract of purchase between appellee and the W. A. McCulley Land Company, in lieu of a deed to the North Dakota land, and thus abandoned the original contract of January 10th? Other and minor questions are involved, but this is the important and controlling question in the case, as we view it.

No error is predicated on the admission of evidence. No claim of fraud is made. The record shows that, when the parties met, on January 31st, and dealt, neither party had conveyed any property to the other party. On that occasion, appellant claimed that appellee for the first time informed him that he did not own the North Dakota land, but that his only interest therein was under and by virtue of a written contract which he held with the W. A. McCulley Land Company; and said contract was inspected by appellant. The abstract of title of the land was in the possession of appellant, and disclosed that the land was owned by the Baldwin estate. Under this situation, the evidence tends to show that appellee conveyed the North Dakota land to appellant, and the evidence tends to show, and the question was submitted to the jury, that appellant accepted from appellee an assignment of said McCulley contract, and made and delivered to appellee deed to the Kiron property; that,

subsequent thereto, appellant made payments on the McCulley land contract.

The principal complaint made by appellant is that the court erred in failing to instruct the jury that the plaintiff was entitled to a verdict for the full amount claimed upon the original contract of January 10th, upon the theory that there was no consideration for the contract of January 31st. Counsel for appellant in argument say:

"Instead of giving plaintiff a deed, however, he gave to plaintiff the McCulley Land Company contract in question, which provided for payment of the alleged balance due on the purchase price of the land, in installments. In pursuance thereof, the plaintiff paid out to the land company about $700."

As before stated, appellee pleaded, and offered testimony tending to prove, and the jury found, that appellee assigned the McCulley land contract to appellant, who accepted said contract in exchange for appellant's equity in the Kiron property. Appellant's entire contention, as we understand the record, is based on the contract of January 10th. Appellant requested the court to instruct the jury, in effect, that he was entitled to recover unless the evidence showed that, on January 31st, for a valuable consideration, appellant released appellee from the contract of January 10th, and that appellant accepted, in lieu thereof, the McCulley contract, and looked alone to McCulley for title. The requested instructions were subject to criticism because they assumed that appellant had acted on the contract of January 10th, and had conveyed the Kiron property thereunder. This is contradicted by the evidence, in that, on January 31st, when the parties met to actually trade properties, the contract provided for inspection of the properties before consummating the trade. Appellee then informed appellant that he did not own the land; that the Baldwin estate was the owner; and that all appellee had was a contract to purchase the same from the McCulley Land Company. The requested instructions left no provision for a verdict in appellee's favor, even though both parties abandoned the contract of January 10th. The requested instructions contained appellant's assumption and theory that there could not be an abandonment of the first contract, whether the parties operated under it or not, and that

appellee was liable for the amount of the equity agreed upon in the Kiron property. It seems to us that the court was not in error in instructing the jury, in effect, that the parties had a right to abandon by agreement, on January 31st, when they met to deal, the unperformed contract of January 10th, in any manner that they might agree upon. The contract of January 10th was executory only, and while it was executory, no new consideration was required to release the same, or for the substituted contract of January 31st. *Maxwell v. Graves*, 59 Iowa 613; *Evans v. McKanna*, 89 Iowa 362; *Jones v. Haines*, 117 Iowa 80. In the *Maxwell* case, supra, we held that, where the parties entered into a written contract, and afterwards orally agreed to a modification thereof, and plaintiff performed his part of the modified contract, and the defendant accepted such performance, defendant could not be heard to say that there was no consideration for the modification.

We find no error to warrant disturbing the verdict and judgment entered thereon. The case is—*Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.