Dora Williams, Appellee, v. W. W. Cassidy, Appellant;
James Milton Williams, Appellee.

No. 46851.

June 18, 1946.

Rehearing Denied September 23, 1946.

Herminghausen & Herminghausen, of Fort Madison, for appellant.

Johnson, Martin, Johnson & Phelan, of Fort Madison, for appellee.

· Miller, J.—Plaintiff's petition asserted: On October 1, 1928, defendant entered into a written contract with the plaintiff and her husband for the sale of certain real estate in Fort Madison for the sum of $1,600, payable $20 down and $20 per month with interest at the rate of six per cent, plaintiffs to

also pay insurance, taxes, etc., in addition to the specified purchase price, copy of which written contract was attached to and made a part of the petition; plaintiff and her husband entered into possession of said premises under said contract and plaintiff has ever since been in possession thereof; from October 1, 1928, until March 1, 1933, plaintiff and her husband paid the sum of $676 on said purchase price; on March 1, 1933, defendant entered into a new contract with plaintiff and her husband, providing for the sale of the same real estate upon the payment of $500 in addition to that previously paid, payable $5 down and $5 per month, with interest at six per cent, plaintiff to pay insurance, taxes, etc., in addition to the purchase price, copy of said subsequent contract being attached to the petition and incorporated therein; the contract of March 1, 1933, extinguished and superseded the previous agreement dated October 1, 1928; the terms and conditions of the contract of March 1, 1933, have been fully performed; on April 30, 1945, plaintiff was granted a divorce from her husband and was awarded title to the real estate covered by said contracts and now is the sole owner of all rights, title, and interest of her husband in said real estate; defendant has caused to be served upon plaintiff and her former husband a notice of forfeiture of the aforesaid contracts to purchase said real estate and unless he is restrained from his attempt to forfeit the same, plaintiff will suffer irreparable damage. The prayer was that defendant be required to execute and deliver to plaintiff a warranty deed to the real estate and to specifically perform said contract in all other respects and be restrained from forfeiting or foreclosing the contract and for general equitable relief.

Defendant's answer admitted the execution of the 1928 contract; that plaintiff and her husband entered into possession of the real estate pursuant thereto and paid $670 on the contract price therein specified, and admitted the execution of the 1933 contract; but asserted: Said later contract is illegal and void for want of consideration in that it was based on merely part of the same consideration upon which the 1928 contract was based, was not based on any additional consideration and stipulated merely for the performance of part of

the obligations already created by the 1928 contract without promising to pay any additional consideration; it was an attempt to illegally force, impose upon, and oppress under duress defendant and to secure a satisfaction of the greater consideration specified in the 1928 contract for a lesser amount of money than that which plaintiff and her husband were already obligated to pay; subsequent to the making of the 1933 contract, plaintiff's husband paid $540 to defendant and defendant has given him credit for said sum on the 1928 contract; defendant and plaintiff's husband were both ignorant of their legal rights and obligations when defendant gave plaintiff's husband a receipt in full for the amount specified by the 1933 contract; defendant has since learned of his rights under said 1928 contract and has accordingly refused to make and deliver a deed to the real estate and now tenders such deed upon compliance and full performance of the 1928 contract. The prayer was that the action be dismissed, the temporary injunction dissolved, that the contract of March 1, 1933, be found and decreed to be illegal and void for want of consideration and be canceled of record; that the contract of October 1, 1928, be terminated as of June 24, 1945, and that all amounts paid by plaintiff and her husband be forfeited to the defendant and that title to the property be quieted in the defendant, and for general equitable relief.

Plaintiff's reply controverted the allegations of the answer which asserted that the 1933 contract was secured by duress and the allegations that the parties were ignorant of their legal rights when said contract was made and when the receipt was given for full performance of said contract. The reply also asserted that the later contract was founded upon a good and valuable consideration.

Plaintiff's evidence consisted of the two contracts referred to in the pleadings and her testimony that from October 1, 1928, to sometime in 1931, $676 was paid upon the first contract; payments were discontinued because her husband was out of work; from 1931 to 1933 plaintiff and her husband continued to occupy the property as their home and various conversations were had with defendant; defendant said he had more property than he could pay taxes on as it was and that

he did not want this property back; after the execution of the second contract on March 1, 1933, plaintiff and her husband continued in possession and made payments in accordance with that contract; all sums called for thereunder have been paid and payment thereof acknowledged by defendant. Plaintiff testified concerning the divorce proceedings and the record thereof was introduced in evidence. On cross-examination plaintiff testified that she and her husband paid $676 on the 1928 contract and $645 on the 1933 contract. Plaintiff's sister also testified to the fact that defendant had admitted that all payments under the 1933 contract had been paid in full by plaintiff's husband.

Defendant testified to the making of the contract of October 1, 1928; that plaintiff's husband paid $670 thereunder; they made no payments between November 1931, and March 1, 1933, but continued to live in the property; at that time, plaintiff's husband told defendant that he had paid too much for the property, would not make the payments as he had agreed to, but would enter into a new contract at $5 down and $5 a month; there was no dispute as to what was due under the first contract; the contract of March 1, 1933, was entered into at the suggestion of plaintiff's husband; there was no other consideration, excepting the amount of money agreed to be paid, to wit: $500, as specified therein; in giving credit for the amount that had been paid, defendant deducted the interest from time to time and gave credit for the difference; the total credit thus given on the contract from March 1, 1933, to November 14, 1944, was $540; no deed has been demanded of defendant but defendant did give plaintiff's husband a receipt in full of the second contract, receipted on the contract and turned it over to him.

Defendant introduced in evidence the notice of forfeiture and return of service. He further testified that the reasonable value of the property on October 1, 1928, was $1,800 and its present market value is $2,500; all of the payments made by plaintiff and her husband amounted to about $5 or $6 a month during the time they had been in possession; defendant is willing to deliver a deed to anyone entitled thereto if all of the obligations under the contract of October 1, 1928, are

complied with. On cross-examination defendant admitted that plaintiff and her husband have made all of the payments called for by the 1933 contract and that he had given a receipt showing that that agreement is fully paid up; that he entered into the second contract because they refused to pay under the first and said that they were not going through with it; he denied that he told them he would make a new contract if they would keep the property; he testified that plaintiff's husband asked him to make a new contract and he agreed to it rather than have the property back; he was then familiar with the provisions of both contracts and both contracts pertained to the same real estate.

The trial court entered a decree for the plaintiff. In so doing the court relied upon certain pronouncements of this court in the cases of Maxwell v. Graves, 59 Iowa 613, 13 N. W. 758; Blaess v. Nichols & Shepard Co., 115 Iowa 373, 88 N. W. 829; and Strahn v. Johnson, 197 Iowa 1324, 196 N. W. 731, to the effect that, where the parties have entered into a written contract and later modify the provisions thereof and the modified contract has been fully performed, a defendant cannot be heard to say that there was no consideration for the modification. The court relied also upon the statements of this court in the case of Ewing v. Benson, Iowa, 281 N. W. 197, 200, wherein this court cited with approval the following statement of the Supreme Court of the United States, in Hager v. Thomson, 66 (1 Black) U. S. 80, 93, 17 L. Ed. 41, to wit:

" 'Much the largest number of controversies between business men are ultimately settled by the parties themselves; and when there is no unfairness, and all the facts are equally known to both sides, an adjustment by them is final and conclusive. Oftentimes a party may be willing to yield something for the sake of a settlement; and if he does so with a full knowledge of the circumstances, he cannot affirm the settlement, and afterwards maintain a suit for that which he voluntarily surrendered.' "

Pursuant to the foregoing authorities, the trial court held that, on March 1, 1933, the defendant had two alternatives: he could have forfeited the first contract, taken the property

back and retained the $676, or he could have foreclosed the contract, sold the property, and obtained a judgment for the deficiency, if any, after the sale but, by his own testimony, defendant did not want to do either; there is no unfairness in the second contract; all the parties thereto fully understood the contents thereof and no advantage was taken of either party; the contract of March 1, 1933, constituted a new contract in which the contract of October 1, 1928, was merged and by which it was discharged; defendant admitted that all payments under the contract of March 1, 1933, had been fully made and that he had given a receipt in full therefor, but has not as yet executed a deed for the property. The decree accordingly ordered defendant to execute a deed to the property and, upon failure to do so, the clerk of the trial court was designated as commissioner to execute such conveyance. From said decree, defendant appeals to this court.

Appellant's statement of propositions relied upon for reversal asserts three contentions: (1) The debt or demand under the real-estate contract, dated October 1, 1928, is liquidated and certain, expressed in the denomination of money, and could not be satisfied by performing the later agreement to accept a lesser sum in satisfaction of the first agreement without there being a new consideration given for the difference in the amounts between the 1928 contract and the 1933 contract (2) plaintiff and her husband gave no new consideration to defendant under the 1933 contract which would constitute it a binding accord and satisfaction so as to entitle plaintiff to specific performance of the 1933 contract (3) plaintiff's evidence shows that complete satisfaction of the 1928 contract has not been had and is insufficient to require of defendant a deed pursuant to the 1933 contract and thereby in effect cancel the 1928 contract for a less sum of money than was therein agreed upon. We find no merit in appellant's contentions.

Appellant's case in the trial court and before this court presents little which appeals to a court of equity. We take judicial notice of the fact that real-estate values in 1928 were substantially higher than in 1933. In that year we were in the midst of a depression. The record is undisputed that appel-

lee and her husband were in financial difficulties and sought to abandon the 1928 contract in despair, asserting that they had paid too much for their home. There is no evidence on either side as to what the value of the home was in 1933, but even a superficial recognition of the conditions then existing persuades us to the view that there may have been impelling reasons on both sides for the supplemental contract made on March 1, 1933. As far as appellee is concerned, that contract has been fully performed and appellant has admitted full performance thereof. Now, in place of performance on his part, he seeks to forfeit all payments made by appellee and her former husband and to have title to the property quieted in himself. In view of all the circumstances the result appellant seeks at our hands would be harsh and unreasonable. Under our decisions no such result is required under the facts presented herein.

This court has repeatedly recognized the rule that the payment of a less amount than that due on a liquidated demand will not constitute satisfaction of the entire debt in the absence of some new or independent consideration. Rea v. Owens, 37 Iowa 262; Keller v. Strong, 104 Iowa 585, 73 N. W. 1071; Walston v. Calkins Co., 119 Iowa 150, 93 N. W. 49; Durband v. Nicholson, 205 Iowa 1264, 216 N. W. 278, 219 N. W. 318; Jacobsen v. Moss, 221 Iowa 1342, 268 N. W. 162; Noble v. United Ben. L. Ins. Co., 230 Iowa 471, 297 N. W. 881. The basis for the rule is that doing less than that which one is legally obligated to do does not constitute consideration for the promise to accept such lesser amount. This rule is generally recognized in other jurisdictions but is unpopular and has been criticized. An illustrative statement of the attitude of the courts is set forth in 12 Am. Jur. 583, section 89, as follows:

"At an early date the rule that the performance of a legal obligation does not furnish a consideration for a contract was applied to a promise to discharge a liquidated debt upon the payment of a smaller sum on the day fixed by the contract or after default. This conclusion has been generally adhered to, and the rule thus established still prevails in most jurisdictions. But even in these jurisdictions the courts have frequently criticized the reasonableness or fairness of the rule.

Since the rule is not favored, the decisions indicate in a striking manner the extreme ingenuity of the courts in avoiding its operation. They have failed to apply the rule whenever they could discover some circumstance, however trifling, which could be considered as a technical legal consideration."

The trial court relied upon certain decisions of this court wherein we have held repeatedly that the rule for which appellant contends will not be applied to an executory contract on the theory that an executory contract may be abandoned by mutual agreement. An illustrative statement is that contained in Strahn v. Johnson, supra, 197 Iowa 1324, 1332, 196 N. W. 731, 734, as follows:

"It seems to us that the court was not in error in instructing the jury, in effect, that the parties had a right to abandon by agreement, on January 31st, when they met to deal, the unperformed contract of January 10th, in any manner that they might agree upon. The contract of January 10th was executory only, and while it was executory, no new consideration was required to release the same, or for the substituted contract of January 31st. Maxwell v. Graves, 59 Iowa 613; Evans v. McKanna, 89 Iowa 362; Jones v. Haines, 117 Iowa 80. In the Maxwell case, supra, we held that, where the parties entered into a written contract, and afterwards orally agreed to a modification thereof, and plaintiff performed his part of the modified contract, and the defendant accepted such performance, defendant could not be heard to say that there was no consideration for the modification."

Appellant seeks to distinguish the foregoing pronouncement on the ground that in the Strahn case this court points out that, by the terms of the contract, appellant was to have ten days to "see the land in and cancel this contract in." The answer to appellant's contention in this regard would seem to be found in Morse v. Slocum, 192 Iowa 1080, 1094, 186 N. W. 22, 28, wherein we stated:

"But it is an elementary proposition that, even if the contract of May 16, 1918, should be held to have been valid when made, it was still competent for the parties thereto to

abandon it, or to substitute another in its place, or, by conduct inconsistent with the continued existence of the original contract, to estop themselves from asserting any right thereunder. 3 Elliott on Contracts, Section 1865; 3 Am. & Eng. Encyc. of Law (1st Ed.) 891; 2 Warvelle on Vendors 870; Myers v. Carnahan, 61 W. Va. 414; Hall v. Wright, 138 Ky. 71. This rule is especially applicable where, as in this case, the alleged first contract is wholly executory.''

The contract of October 1, 1928, was an executory contract on March 1, 1933. It had been partly performed by both parties but had not been completely performed by either party. We attach no significance to the holding in the Morse case above quoted that the contract was there ''wholly'' executory. We think it is sufficient for our purposes that the 1928 contract between the parties to this litigation was executory as to both parties and wholly executed as to neither. In such situation, it was the legal right of the parties to rescind it or abandon it by mutual agreement. Under this record they must be held to have mutually agreed to abandon and rescind that contract. Having done so, the new contract, dated March 1, 1933,. stands independent of the 1928 contract so far as consideration is concerned, and, having been fully performed on the part of appellee, the trial court was right in ordering performance on the part of appellant.

The rule which we apply to this case is stated in 12 Am. Jur. 584, section 90, thus:

''If the original contract is rescinded, the terms thereof do not affect the necessity or sufficiency of the consideration for promises in the new agreement. One of the parties thereto may agree to pay a greater or less consideration than is provided in the rescinded contract for the same act on the part of the other party as is called for in the original contract.''

A case which squarely supports this statement is that of Cragin v. Eaton & Bros., 133 Miss. 151, 97 So. 532, 34 A. L. R. 508. The report of this case in 34 A. L. R. is followed by an annotation at pages 511 to 516, which would indicate that the authorities are not entirely in accord upon the proposi-

tion. However, the decisions of this court are uniformly consistent with the conclusion we reach herein, which is that the contract dated October 1, 1928, was executory when the contract of March 1, 1933, was agreed upon; the 1933 contract constituted a mutual agreement to rescind the 1928 contract and to establish a new basis for the sale of the property; the 1928 contract having thus been rescinded by mutual agreement, the consideration stated in the 1933 contract was adequate to support the promise made by appellant therein. Furthermore, appellee and her former husband having fully performed the 1933 contract and appellant having accepted such performance, appellant cannot now be heard to say there was no consideration for it and he can now be called upon to execute his part of the contract.

The decree is—Affirmed.

All JUSTICES concur.