R. PHILL PARRIOTT, Appellee, v. ETHEL A. LEVIS, Appellant.

**EVIDENCE: Parol as Affecting Writings—Inconsistent Written and**
1 **Oral Provisions.** A written lease for a *definite* term and rental may not be modified by a contemporaneous oral agreement to the effect that, whenever a larger apartment in the same building should be for rent, the lessee should have the option to terminate the written lease and, of course, cease payments thereunder.

**JUDGMENT: Notwithstanding Verdict—Unallowable Defense.** Plain-
2 tiff's motion for a judgment notwithstanding an adverse verdict may be based on the specification that defendant's pleadings presented, as the sole defense to plaintiff's action on a written contract, an inconsistent and contradictory parol contract, contemporaneous with the execution of the said written contract.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 13, 1923.

ACTION to recover rent. The defendant pleaded an oral agreement with plaintiff, by which she claimed she was, at her election, to have another apartment, when available, in lieu of the one leased; and she claims that she was denied such right. The cause was submitted to a jury, which returned a verdict for the defendant. Plaintiff's motion for judgment *non obstante veredicto* was sustained, and defendant appeals.—*Affirmed.*

*Lehmann, Seevers & Hurlburt,* for appellant.

*J. G. Myerly,* for appellee.

Faville, J.—On or about the 2d day of March, 1921, appellee leased to appellant a certain apartment in the Ingersoll Apartments, in the city of Des Moines. The written lease executed between the parties fixed a term of six months, beginning the 1st day of April, 1921, and terminating the 1st day of October, 1921. The lease recited that the lessor was to pay for the use of said premises a rental of $85 in advance on the first day of each month during the continuance of the lease. One month's rent was paid. Appellant never occupied the premises.

It is the contention of appellant that, at the time of making the written lease, it was orally agreed between the parties that, should another apartment in the same building become vacant, appellant might, at her option, elect to take the same in preference to any other person not a tenant in said building, and that, on giving notice of such election, she would be released from any obligation under the lease in question. Appellant further contends that another apartment in the same building did become vacant, and that appellant elected to occupy the same, and notified appellee thereof before April 1st, and that appellee refused to lease said apartment to the appellant.

Appellant offered proof to sustain her allegations in regard to the alleged oral agreement. Objections were made to this testimony, and appellee's motion for judgment notwithstanding the verdict of the jury was predicated upon the contention that the oral agreement alleged by appellant could not be a defense to appellee's cause of action based on the written contract, which is complete on its face, and that no evidence of such contemporaneous oral agreement is admissible. The court sustained this motion, and directed a verdict for appellee for the amount due under the contract.

I. It is appellant's first contention that parol evidence was properly admissible to prove the oral agreement in respect to the renting of another apartment to appellant, should the same become vacant, and the releasing of appellant under the written contract, in such event.

The parol-evidence rule forbidding the introduction of oral testimony to alter, vary, or change the terms of a written instrument by proving a contemporaneous oral agreement is one of frequent consideration by the courts, and too well and firmly established to require any citation of authorities in support of the general rule. There are, however, certain well recognized exceptions to this rule, and it is the consideration of these exceptions that most frequently comes before the court. It is unnecessary that we consider the various exceptions at this time, but see discussion in *Sutton v. Griebel,* 118 Iowa 78, and *Lavalleur v. Hahn,* 152 Iowa 649.

1. EVIDENCE: parol as affecting writings: inconsistent written and oral provisions.

It is appellant's contention that the contract between the parties rested partly in writing and partly in parol, and that in such cases extrinsic evidence is admissible to establish the part of the contract that is not in writing. We have recognized that such a situation presents an exception to the parol-evidence rule. Strictly and literally speaking, a contract complete in itself may not rest partly in writing and partly in parol, but there may be at the same time two contracts coexistent, one of which is in writing, and complete in itself, and the other of which is in parol, and complete in itself. As said by us in *Murdy v. Skyles,* 101 Iowa 549, "the two contracts might coexist, and neither would infringe upon the other." In such case, the written contract is not altered, varied, or changed by proof of the coexistent oral contract. The writing embodies the written contract, and the oral evidence established the parol contract. Even in such a case, evidence of a contemporaneous parol or collateral agreement is available only when it refers to a matter on which the writing is silent and which is, in no manner inconsistent with the terms of the written instrument. *Harvey v. Henry,* 108 Iowa 168; *Sutton v. Griebel,* supra; *Sutton v. Weber,* 127 Iowa 361; *Ingram v. Dailey,* 123 Iowa 188; *Hinsdale v. McCune,* 135 Iowa 682; *Cavanagh v. Iowa Beer· Co.,* 136 Iowa 236; *Wells v. Hocking Valley Coal Co.,* 137 Iowa 526.

In the case at bar, there is no claim and no evidence whatever of any fraud, misrepresentation, or false statement that in any way induced the execution of the written lease, nor is there any contention that there was any condition precedent to the de-

livery of the written instrument. The sole contention of appellant at this point is that the agreement between the parties rested partly in writing and partly in parol, and that the parol part, pertaining to the substitution of a larger apartment for the one described in the contract and the release of appellant under the written instrument in such event, can be established by oral proof. If there were two contracts coexistent, one in writing and the other in parol, and not inconsistent with each other, then they could be proved within the rule which we have recognized. But if the alleged oral contract made contemporaneously with the written contract is inconsistent with its terms, then parol evidence cannot be introduced to change the terms of the written instrument; or, as it is sometimes expressed, if the written instrument embodies the subject of the oral agreement within its terms, then it is conclusive on the parties. If the written instrument is utterly silent on the subject-matter, then the contemporaneous parol agreement coexistent with it may be established by parol proof. Does the appellant bring herself within the provisions of this rule?

The written lease is a complete instrument in itself. It provides for the rental that shall be paid, and fixes a certain and definite term. The effort of appellant is to prove a contemporaneous parol agreement by which the lease was to terminate and appellant was to be released from all liability thereunder upon the happening of a certain event, to wit, an opportunity to secure a larger apartment in the same building.

In its last analysis, this is no more, in effect, than an attempt to prove a contemporaneous parol agreement that the written instrument should not run for the term therein provided, but that, upon the happening of a certain contingency, it should terminate, and appellant's liability for rent thereunder should cease. Such an agreement is wholly inconsistent and in direct conflict with the express terms of the written instrument. Such an agreement cannot be established by parol. These parties agreed in writing for a fixed rental and for a definite and fixed term. It cannot be established that there was a contemporaneous parol agreement that the term should sooner terminate. This is not proving a coexistent oral contract wholly consistent with the written instrument, but, on the contrary, it is

seeking to vary the terms included in the written instrument by establishing a contemporaneous parol agreement which contradicts and defeats its provisions.

In *Kelly v. Chicago, M. & St. P. R. Co.,* 93 Iowa 436, we said:

"When a contract of lease is explicit, it is not competent to show by parol that more or less rent was agreed upon, or that other rights and privileges than those named in the lease were given [citing cases]."

*Taylor v. Goding,* 182 Mass. 231, was a suit on lease for rent. The answer set up an oral agreement that if, during the term, the lessee should take a lease of another store from the lessor, and should vacate the store first leased, the lessor would thereupon surrender all right under the original lease, and the lessee would be under no further liability thereon. The court said:

"We are of opinion that the oral agreement set up in the answer contradicted and altered one of the express terms of the written contract, namely, that relating to the payment of rent; and that, therefore, the answer set up no defense."

See, also, *Becker v. Baker,* 174 Iowa 97; *Hukill v. Guffey,* 37 W. Va. 425 (16 S. E. 544); *O'Malley v. Grady,* 222 Mass. 202; *Chute v. Latta,* 123 Minn. 69 (142 N. W. 1048).

We reach the conclusion that the attempt of appellant to prove a contemporaneous parol agreement to the effect that the lease was to terminate upon the conditions alleged was inconsistent with the recitals of the written instrument on the subject-matter. Therefore, the same could not be established by parol evidence. *Bice v. Siver,* 170 Iowa 255, and *Garner v. Kratzer,* 173 Iowa 292, are in no way inconsistent with our conclusions as herein announced.

II. It is contended by appellant that proper objections were not interposed to the introduction of testimony in behalf of appellant, and that the failure to so object is a waiver of the right to object, and that, if incompetent evidence is admitted without objection, it may be considered by the court.

Conceding, for the sake of the argument, the soundness of the rule of law for which appellant contends, an examination of the record convinces us that it is not applicable to the instant

case. Timely and sufficient objections appear to have been interposed to the testimony offered by appellant, and proper motions were made to exclude the testimony so offered. Counsel for appellee appears to have been vigilant, and to have guarded the record assiduously. Appellant's contention cannot be sustained upon the theory that it is proved by incompetent evidence claimed to have been received without proper objection.

III. Appellee moved for judgment notwithstanding the verdict, on the ground that the pleadings of appellant were insufficient on their face to constitute a defense to appellee's cause of action, "for the reason that the fact of the oral agreement alleged therein could not be a defense to a cause of action based on the written contract, which is complete and clear on its face, and no evidence of such a verbal agreement or understanding, which was made prior to or contemporaneous with such agreement, is admissible as a defense in whole or in part to the claim set out in plaintiff's petition, the same being incompetent and inadmissible to vary, add to, contradict, or change such written agreement."

2. JUDGMENT: notwithstanding verdict: unallowable defense.

Code Section 3757 provides as follows:

"Either party may file a motion for judgment in his favor, notwithstanding the fact that a verdict has been returned against him, if the pleadings of the party in whose favor the verdict has been returned omit to aver some material fact or facts necessary to constitute a complete cause of action or defense, the motion clearly pointing out the omission."

Appellant's point is that the parol-evidence rule is a rule of *evidence*, and not a rule of *pleading;* that the pleading of appellant does not show on its face that it did not plead a defense; and that the question could be urged only by objection to the introduction of the testimony, and not by a motion for judgment notwithstanding the verdict. True, the parol-evidence rule is a rule of evidence, and not a rule of pleading. One of the grounds for demurrer provided by the statute, Code Sections 3561 and 3575, is that the pleading on the face thereof "fails to show it to be in writing, where it should be so evidenced." The motion of appellee for judgment notwithstanding the verdict squarely raised the question of the sufficiency of appellant's pleading, and that no evidence could be admissible in support

thereof. The motion sufficiently complied with the provisions of the statute, and was well taken.

We find no error in the record requiring reversal. The judgment appealed from is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.