MARY M. BURRIER, Appellee, v. H. H. SHERIFF, Appellant.

FEBRUARY 12, 1929.

*H. H. Sheriff* and *McCoy & McCoy*, for appellant.

*John E. Lake*, for appellee.

DE GRAFF, J.—This cause gravitates around the written assignment executed by the plaintiff, Mary M. Burrier, dated at Oskaloosa, Iowa, August 6, 1926. The assignment reads:

"Anderson Bros. Canning Company,

  "Oskaloosa, Iowa.

  "For and in consideration of money advanced to me by H. H. Sheriff, I, Mary M. Burrier, hereby assign, set over and convey to H. H. Sheriff all money due me for sweet corn delivered to Anderson Bros. Canning Company during the season of 1926, and I hereby authorize and direct the said Anderson Bros. Canning Company to pay all of said net earnings to the said H. H. Sheriff, and this order is a receipt for the money paid to said H. H. Sheriff by the said Anderson Bros. Canning Company.

                                        "[Signed] M. M. Marny.

"Witness to signature of Mary M. Burrier:

  "H. H. Sheriff.

  "Copy of the above assignment is received and the same is accepted this 6th day of August, 1926.

                        "[Signed] Anderson Bros. Canning Co.

                                "By J. H. DeBoard."

It is conceded that Mary M. Burrier signed the instrument in question, known as "Exhibit 1" in this record, and referred to in the substituted answer of the defendant. Upon this admission, the exhibit was offered in evidence. It is further admitted that H. H. Sheriff, as a practicing lawyer of the state of Iowa, was employed by James J. Burrier, son of this plaintiff, to defend him in two larceny cases,—one pending in Mahaska County, Iowa, and one pending in Wapello County, Iowa. It is conceded by the appellee that the fees charged by the appellant, H. H. Sheriff, were and are reasonable fees.

Sheriff testified that James J. Burrier stated that the sweet corn in question was not owned by his mother, but that he had made the contract with Anderson Bros. Canning Company in his mother's name, to prevent his creditors from levying on the crop, and that the said James J. Burrier requested his mother to sign the instrument known as "Exhibit 1," and that, at his request, and in the presence of Sheriff, she did sign the said exhibit.

James J. Burrier was called as a witness in rebuttal, and he admitted that Sheriff acted as his attorney to defend him in certain criminal cases. He admitted that he had been convicted of a felony, and with reference to the time the assignment was given Sheriff by his mother, he first testified that he was not present at that time, but on cross-examination he said:

"I didn't say where I was on the 6th day of August, 1926. I said I didn't know. I do not know whether I was home or whether I wasn't. I didn't say that I ever saw Mr. Sheriff at the house in August, 1926."

It is not very material whether young Burrier was present at that time or not. There is no question that the assignment was executed by the plaintiff at the time and place in question; that the proceeds of the corn were paid to Sheriff on the strength of the assignment in question, in the sum of $559.49; and that $245 of this amount was paid out on expenses connected with young Burrier. This left a net sum in the hands of Sheriff of $314.49, which was applied by him in payment of attorney fees for defending young Burrier in two criminal cases. No demand was ever made on Sheriff by the plaintiff for the money that she

now claims as due her, after the payments were made by the canning company to the defendant.

The primary question involved herein has to do with the parol-evidence rule. There was considerable evidence admitted on the part of the plaintiff, over the objection of the defendant, relative to alleged conversations, and especially the claim made by the plaintiff that the assignment was executed by her for the purpose of securing money to apply on a mortgage; and, in passing, it may be said that the plaintiff had no financial interest in the property mortgaged, and was not a party thereto.

There is no claim of fraud or mistake in this case. The contract of assignment is unambiguous. The considerations are expressed in unmistakable language; and under such circumstances, parol testimony which would tend to modify or change a written contract is incompetent, and therefore inadmissible. *Doolittle v. Murray & Co.*, 134 Iowa 536; *Heard v. Nancolas,* 187 Iowa 1045; *Rath v. Schoon,* 192 Iowa 180.

There was no reply filed by plaintiff to defendant's answer. The written instrument, having recited a consideration, operates by its own force, on delivery, to transfer title, which cannot be contradicted or defeated by proof that there was no consideration. *Maxwell v. McCall,* 145 Iowa 687; *Shelangowski v. Schrack,* 162 Iowa 176, 178; 22 Corpus Juris 1169.

The law is well settled in this state,—and it is the general rule, and elementary,—that, where a consideration on which a written instrument rests is clearly expressed, such consideration cannot be varied or altered by parol. *Brintnall v. Briggs,* 87 Iowa 538, 540. The evidence that was sought to be admitted, and which was admitted over the defendant's objections, would tend to alter, modify, and change the terms of the written contract in question, and should have been excluded.

This is not an action brought to set aside a contract of settlement. It is not in equity, but in law. The instant contract between plaintiff and the defendant was in writing, and was in evidence by concession. Plaintiff, however, undertook to engraft upon the contract an oral agreement, which is separate and distinct, and which, in effect, is an attempt to ignore the written contract *in toto*. A written contract is universally presumed to include all prior negotiations of the parties, and in the absence

of· fraud or mistake, is conclusive between them. *Larson v. Smith,* 174 Iowa 619.

The salutary rule ·involved in the instant case is well expressed in *Heard v. Nancolas,* supra. We therefore hold that the parol-evidence rule is applicable to the instant facts, and' that the· defendant's motion for a ·directed verdict should have been sustained. It was error to overrule said motion; and also defendant's motion for new trial and in arrest of judgment. The judgment entered is—*Reversed.* ·

ALBERT, C. J., and STEVENS, FAVILLE,· and MORLING, JJ., concur.

.WAGNER, J., not participating.