A. JACOBSEN, Appellee, v. MARION MOSS, Appellant.

No. 43506.

JUNE 19, 1936.

John C. Mundt and Klay & Klay, for appellee.

Van Oosterhout & Kolyn, for appellant.

HAMILTON, J.—The defendant, Marion Moss, occupied the premises of plaintiff, consisting of a quarter section of land in Sioux county, Iowa, for the year ending March 1, 1931, under a written lease, the stipulated rent being $10.00 per acre, which was fully paid. He continued to occupy the premises for the two succeeding years, and the controversy arises over the terms of the leases for these two years.

Under Count 1 of plaintiff's petition, it is alleged that there was an oral extension and renewal of the previous year's lease for one year from March 1, 1931, to March 1, 1932, with a reduction of the rent from $10.00 per acre to $9.00 per acre, and with a later oral agreement reducing the rent to $8.00 per acre. In this count the plaintiff admits payment of $500.00 on the rent. Defendant denies that such were the terms of the lease, and in his answer alleges that shortly prior to March 1, 1931, plaintiff and defendant entered into an oral agreement extending the old written lease for the former year, except as to the amount of rent to be due, and that plaintiff asked $9.00 per acre, and this amount was fixed with the understanding that defendant should go ahead and take the land and farm it, and that plaintiff would not expect any more rent than the place produced, that later the nominal rent was fixed at $8.00 with the same understanding that plaintiff would not exact more rent than the place would produce, and that the rental that was paid was all the rent that could be paid for said farm from the income as received for the season of 1931.

In Count 2 plaintiff alleged that on or about September 30, 1931, another oral lease was entered into between the parties for the same premises for the crop season of 1932 at an agreed rental of $8.00 per acre, which oral agreement was reduced to writing on June 14, 1932, and that said written lease was in lieu of said oral agreement. The substance of defendant's answer to Count 2 admits that the latter part of September, 1931,

1344

an oral agreement was entered into and at that time the defendant told the plaintiff he could not take the farm for another year and pay $8.00 an acre, and that plaintiff then agreed and told defendant he did not know what rent he would ask for 1932, but that he wanted defendant to occupy the farm for that year, and that he should go ahead and do the fall plowing as he could have the farm for 1932, and that plaintiff further stated that he did not expect any more as rent than what the farm would reasonably produce, and that the nominal rent should be determined later after a conference between plaintiff and members of his family; that the defendant remained in possession of the farm and no other conversation relative to renting was had until June 14, 1932, when plaintiff came to the defendant's home on the premises and informed the defendant that the insurance company holding a mortgage on the property was insisting on an assignment by plaintiff of the lease and rents for the year 1932; that the company required a written lease for their records with an assignment of the same; that defendant refused to sign any written lease, and that plaintiff again stated to defendant that the lease would not make any difference in their understanding as to the matter of rents, that all he expected the defendant to do was to do the best he could, and that would remain their lease arrangements in case defendant would sign the written lease at $8.00 per acre; that this written lease was only for the benefit of the insurance company and did not in any way affect the lease arrangements between plaintiff and defendant as they had already been made, except the nominal rental would now be set at $8.00; and that with this oral agreement and understanding, and as a part of the same, plaintiff and defendant executed the written lease for the year 1932.

Defendant further alleged in his answer that there was no balance due and unpaid in any sum whatever for the reason that on or about the 13th of March, 1933, the plaintiff accepted from the defendant an order on one William Vander Striek for $65.00, which order was given by defendant and accepted by plaintiff as full settlement of all balance of back rent due from defendant to plaintiff, and he pleaded the same as a complete settlement and accord and satisfaction of both counts of plaintiff's petition.

 The court struck from the answer all allegations with

reference to the alleged oral contract for the year 1932, and all allegations with reference to accord and satisfaction of the rent due for the year 1932 under said written lease. We think the court was right in his ruling. It is the contention of the defendant that the giving of the written lease for 1932 which was entered into in June, 1932, long after the defendant had gone into possession of the premises under an oral arrangement, was a collateral agreement and did not take the place of the oral lease, and that the parol evidence rule has no application for the reason that it falls under one of the exceptions, and he cites the case In re Simplot's Estate, 215 Iowa 578, 581, 246 N. W. 396, 398, wherein the court said:

"An oral contract contemporaneous with a written one which is purely collateral is provable by parol evidence, provided that such oral contract is complete in itself, and does not contradict or vary any of the terms of the written contract. The alleged oral collateral contract may not become a part of the written contract. Each must stand upon its own terms and upon its own consideration. This class of cases involves no waiver or suspension of the parol evidence rule."

The trouble in attempting to apply this well-recognized exception to the parol evidence rule to the situation presented in the case is the fact that the terms of the written lease do directly contradict the terms of what defendant contends was the oral agreement which had previously been entered into. The written lease coincides with what plaintiff contends was the previous oral understanding between the parties, by which the defendant undertook to pay $8.00 per acre for the rent, and no reference is made in the written lease to any terms of forbearance or to terms similar to those contended for by the defendant.

■■■ The written lease, under the holdings of our court, which by its terms is in no manner a collateral agreement, is presumed to embody all the provisions and all of the terms of the previous oral agreement between the parties and oral testimony is not admissible to vary the terms thereof. "Where the parties have deliberately put their engagements into writing in such terms as import a legal obligation without any uncertainty as to the object or extent of their engagement, all previous negotiations and agreements with reference to the subject

matter, are presumed to have been merged in the written contract.'' 22 C. J., page 1098 to 1104; In re Simplot's Estate, 215 Iowa 578, 246 N. W. 396.

**■■■** Under the written lease there was no dispute about the amount of the rent agreed to be paid, and under the evidence there was no dispute as to the amount of cash which had been paid. All allegations with reference to the previous oral agreement for a lesser amount were properly stricken by the court. Defendant's plea of accord and satisfaction cannot be sustained as against Count 2 for the rent due under the written lease for the year 1932, for the reason that under the written lease there was no dispute as to the amount due and no dispute as to the amount that had been paid upon the rent under the terms of the written lease. The plea of accord and satisfaction can only apply where there is a settlement of a disputed claim. Unless the defendant was entitled to introduce evidence of his alleged oral contract in contradiction of the written contract, there was no disputed amount in controversy. Before there could be any dispute as to the amount due, there would have to be proof of the alleged oral agreement, and no competent proof was possible under the parol evidence rule. There could be no good faith dispute as to the rent of 1932. There is no claim that there is any ambiguity in the terms of the written lease. The dispute only arises under the claimed oral agreement between the plaintiff and the defendant, which the court properly held could not be proven, and the exclusion of this testimony and the striking of the allegations of the petition in reference to such matters eliminated the dispute and hence the court was justified in striking the allegations in reference to accord and satisfaction as to the balance of the rent due for the year 1932. ''Without an honest dispute an agreement to take a lessor amount in payment of a liquidated claim is without consideration and void.'' 1 C. J. page 554; Walston v. Calkins Company, 119 Iowa 150, 93 N. W. 49; Rauen v. Insurance Co., 129 Iowa 725, at page 740, 106 N. W. 198.

There is no claim by defendant that the $65.00 item of indebtedness which was owing to him by Vander Striek and which Vander Striek paid to plaintiff on a written order directed to Vander Striek, and which contained this statement: ''And it is agreed and understood by and between Mr. Jacobsen and myself that this amount of $65.00 is accepted as balance in full

of back rent due Asmus Jacobsen, and charge the same to my account," fully paid the balance due under the terms of the written lease. The court permitted the plea of accord and satisfaction to stand as to Count 1, which was based solely upon an oral agreement. There was no error in striking the allegations of the answer with reference to plea of accord and satisfaction as applied to the second count of plaintiff's petition.

The ruling of the trial court was correct and is affirmed.— Affirmed.

DONEGAN, C. J., and PARSONS, ANDERSON, MITCHELL, STIGER, ALBERT, and KINTZINGER, JJ., concur.