# Campbell *versus* Maple's Administrator.

1. The ordinary contract relation between attorney and client ends with the death of the client. Hence the statute of limitations begins to run at such time against the claim of an attorney for professional services rendered in an action then pending.

2. While the statute will not operate as a bar in proceedings in the Orphans' Court for the distribution of a decedent's estate, this is not so in an action at law. In the latter case it acts on the remedy, and takes away the right of action unless suit is brought within the time limited by the statute; but it does not extinguish the debt, nor affect a trust created for its payment as long as the trust subsists.

February 6, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, of *Fayette county :* Of July Term, 1883, No. 70.

Debt, by Edward Campbell against Thomas H. Higinbotham, administrator of Robert Maple, deceased, to recover $125 for legal services rendered Maple during his lifetime.

On the trial, before WILLSON, P. J., the following facts appeared : In September, 1869, Maple employed the plaintiff, as an attorney at law, to defend an action of ejectment which had been brought against him for a tract of land in Green county, and paid a retaining fee of $25. The case was tried by the plaintiff in 1871, and resulted in a disagreement of the jury. Maple died in February, 1872. The case was continued from time to time, and had not been tried again in May, 1881, when the present suit was brought. The contract between Maple and the plaintiff was such as ordinarily exists between attorney and client.

The court below charged the jury as follows : " This is an action brought by Edward Campbell against the administrators of Robert Maple, deceased, to recover for legal services

rendered Mr. Maple in his lifetime. It appears from the evidence that Robert Maple died in February, 1872, and it further appears that this suit was not brought until in May, 1881, a period of nine years after the death of Robert Maple, and under the view that we take of the law, we instruct you that the suit was brought too late, and that the plaintiff, therefore, is not entitled to recover, and your verdict will be for the defendant."

Verdict for the defendant and judgment thereon. Whereupon the plaintiff took this writ, assigning for error the charge of the court.

*Edward Campbell, P. P.* (with whom were *Morrow & Hertzog*), for the plaintiff in error.—Although nine years had elapsed since Robert Maple's death, the plaintiff had not yet completed the work and contract into which Robert Maple launched him; neither had any one discharged or relieved him from his responsibilities and labor in the premises. Until the work was done, or the plaintiff discharged and relieved from his part of the contract, he had no right to bring suit. The plaintiff's connection with case did not terminate until he delivered the papers connected with it to Mr. Higinbotham on the 14th of June, 1880, taking his receipt for them. The plaintiff had a right to accept that as the act of a person in authority in the room of Robert Maple, deceased, and to regard the contract for services begun in September, 1869, and continuing through the whole intervening time without interruption, as ending then. That his right to demand and sue for the balance in full of his compensation accrued then, and not until then, the following cases establish: Thompson *v.* Boyle, 35 Leg. Int., 243; Freeman *v.* Shreve, 35 Leg. Int., 164; Mosgrove *v.* Golden, 5 Out., 605; Stanton *v.* Embrey, 3 Otto, 557.

*R. H. Lindsay*, for defendant in error.—Under the familiar principle that the statute of limitations begins to run when the right of action is complete, it would seem clear that the court below was right in directing the jury to find a verdict for the defendant in this case. That the plaintiff's only claim is for services rendered to Robert Maple in his lifetime is plain, not only from the evidence, but also from the form of the action. He would have no right to maintain any action against Mr. Higinbotham, as administrator, except upon some contract, undertaking or default of the intestate. If his claim is for services rendered upon any express or implied promises of the administrator, then the action should have been against T. H. Higinbotham personally. Grier *v.* Huston, 8 S. & R.,

9 OUTERBRIDGE.—20.

402; Beeson *v.* McNabb, 2 Barr., 422. The relation of attorney and client, therefore, having ceased to exist upon the death of Robert Maple, February 16, 1872, the statute immediately began to run, and all claims based on that relationship, not sued on before February 17, 1878, were barred by the statute of limitations.

Mr. Justice STERRETT delivered the opinion of the Court February 25, 1884.

The only question raised by the assignment of error is whether plaintiff's claim, in the nature of a quantum meruit for professional services rendered at the instance of Robert Maple, defendant's intestate, was barred by the statute of limitations. It appears that in September, 1869, Maple retained plaintiff as his attorney to defend an action of ejectment brought against him for a tract of land in Greene county, and paid him a retaining fee of $25. There is no evidence of any special contract in relation to the services to be performed, or the compensation to be paid therefor; nor does it appear that there was anything in the nature of a continuing contract or undertaking coupled with such an interest as would extend it beyond the joint lives of the parties. The only contract relation between them was such as ordinarily exists between attorney and client, and hence it ended with the death of defendant's intestate, and might have been terminated before that event at the pleasure of either party.

The plaintiff, in connection with other counsel with whom he was associated, immediately took charge of the case and prepared the defence. It was brought to trial in 1871, and after a protracted contest of several days the jury failed to agree and were discharged. The case was afterwards continued from time to time, and is still pending and undetermined. In February, 1872, Robert Maple died, and defendant became one of his administrators. The writ of ejectment did not abate by reason of Maple's death. His inheritable interest in the land, if he had any, descended to his heirs at law, and they, if next in interest, might have been substituted as defendants according to the provisions of the Act of 1807; Purd. 37, pl. 1. His administrators were not the "persons next in interest," nor was it their duty, as his personal representatives, to defend the suit; and it does not appear that any substitution was ever made.

There is no question as to the meritorious character of plaintiff's claim. The services rendered by him to defendant's intestate were clearly shown to have been worth all that was claimed; but suit was not commenced until May, 1881, nearly nine years after the decease of Robert Maple, and the admin-

[Stewart's Appeal.]

istrator has seen fit to interpose the statute of limitations. Under the facts and circumstances disclosed by the testimony the learned judge committed no error in charging the jury "that the suit was brought too late, and, therefore, the plaintiff is not entitled to recover." While it is true that in proceedings for the distribution of a deceased debtor's estate in the Orphans' Court, the statute is no bar to the claims of his creditors, it is otherwise in suits at law. In such actions the death of the debtor does not, as a general rule, suspend the running of the statute, and hence his personal representatives may successfully interpose the bar of the statute in all cases to which it is applicable, and in which the cause of action accrued more than six years before the commencement of suit. McClintock's Appeal, 5 Casey, 360; McCandless' Estate, 11 P. F. Smith, 9; and Campbell v. Fleming, 13 Id., 242. The reason why the statute is pleadable in the latter, and not in the former class of cases, is that it acts on the remedy and takes away the right of action unless suit is brought within the time limited for its commencement; but it does not extinguish the debt, nor affect a trust created for its payment, as long as the trust subsists. In the case before us the plaintiff's claim was undoubtedly barred by the statute, and the evidence is wholly insufficient to take the case out of its operation. The contract relation existing between plaintiff and defendant's intestate was terminated by the death of the latter, and thereupon he had a right to demand a reasonable compensation for his services theretofore rendered.

Judgment affirmed.