The German American Savings Bank of Burlington, Iowa, v. Eliza and H. F. Hanna, Executors of the estate of John Hanna, Deceased, Appellants.

**Bills and notes: TRANSACTIONS WITH A DECEASED: QUALIFICATION OF**
**1   WITNESS.** The qualification of a witness under Code, section 4604, in relation to a transaction with a deceased person, must be determined from the interest of such witness in the direct legal operation or effect of the judgment.

**Protest: WAIVER.** The waiver, in a note, of protest and notice of
**2** protest, form a part of the contract of an indorser so that he cannot raise the objection of failure to protest.

**Liability of indorser.** When the payee of a note containing a pro-
3   vision that indorsers waive presentment for payment, protest,
notice of protest, and non-payment, indorses the same with the
words "payment guaranteed," he becomes an indorser and passes
the title.

**Same.** Where a note and mortgage were deposited as collateral secur-
4   ity for the debt of an indorsee of a note, and it appeared the same
in fact furnished no security, the holder was not required to fore-
close the mortgage before suing the indorser.

**Same.** The right of action against the indorser of a note deposited as
5   collateral security for the debt of another, is not affected by lim-
itation of an action for the principal debt.

**Same.** The revival of a debt, which was barred, will not operate to
6   release one liable on collateral security therefor.

**Same.** Knowledge of one accepting a note as collateral security, that
7   it was accommodation paper and that the indorsement thereon was
without consideration, will not affect the liability of the indorser.

*Appeal from Des Moines District Court.*— HON. JAS. D.
SMYTH, Judge.

MONDAY, JUNE 13, 1904.

IN September, 1889, M. L. Wherry executed a promis-
sory note for the sum of $2,500, payable to her father, John
Hanna.  She took the note to him, and he indorsed it,
"Payment guaranteed," and returned it to her.  It was af-
terwards and before maturity deposited with the plaintiff as
collateral security for the indebtedness of J. W. Wherry,
the husband of the maker.  It was filed as a claim against the
estate of John Hanna and allowed.  The executors appeal.—
*Affirmed.*

*J. T. Illick,* for appellants.

*Power & Power,* for appellee.

SHERWIN, J.— M. L. Wherry, the maker of the note,
testified that at the request of her husband, J. W. Wherry,

she took the note in suit to her father, told him that her
husband wished him to indorse it, and that her
father went into the house, and, after a short
time, returned and handed her the paper, and
that she afterwards delivered it to her husband.  The husband
testified that he received the note from his wife, indorsed it,
and pledged it to the bank.   It is doubtful whether the ob-
jections made to the introduction of this testimony were suffi-
cient to raise the question of the competency of the witnesses,
but, conceding that they were, we think the witnesses were not
incompetent under the statute (Code, section 4604).   They
were not parties to the action, nor was M. L. Wherry a person
interested in the event thereof, within the meaning of the
statute.   True, she was the daughter of John Hanna, and
the maker of the note, and may have had an interest in
the question to be decided; but such an interest would not
disqualify her under the common law, nor under the statute.
The disqualifying interest must be in the event of the case
itself, and not in the question to be decided.   The " liability
to a like action, or his standing in the same predicament with
the party, if the verdict cannot be given in evidence for or
against him, is an interest in the question only," and does
not exclude the witness.   1 Greenleaf on Evidence (13th
Ed.) section 389.   This has been held to be the rule in this
State under the statute.   " The true test of the interest of a
witness is that he will either gain or lose by the direct legal
operation or effect of the judgment, or that the record will
be legal evidence for or against him in some other action.".
*Wormley v. Hamburg et al.,* 40 Iowa, 22.   If the plaintiff's
claim was allowed against the estate, Mrs. Wherry's liability
on her note would be none the less certain, for she would
then be liable to the estate, instead of to the bank; hence the
judgment or allowance of the claim could not affect her in
any way.   See, also, *Goddard v. Leffingwell,* 40 Iowa, 249.
If M. L. Wherry was not disqualified as a witness, her hus-
band certainly was not.

1. TRANSACTIONS WITH A DECEASED: qualification of witness.

It is contended that the note was not protested, and that it was not shown that a failure to comply with the law in this respect worked no injury to the defendants, and, further, that other notes and mortgages were received as security for the same debt, and that the plaintiff was not diligent in its efforts to realize on them. The note, in terms, provided that " the indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note." It is a familiar rule that the provisions of the note itself form a part of the contract of indorsement, " and, if a waiver is put into the body of the instrument, it enters into and forms a part of the contract of every one who signs his name to the paper whether as a drawer or indorser." ·Tiedeman's Commercial Paper, section 363; 2 Daniel's Negotiable Instruments, section 1092; *Phillips v. Dippo,* 93 Iowa, 35; *Iowa Valley State Bank v. Sigstad,* 96 Iowa, 491.

2. PROTEST: waiver.

This brings us to the vital question in the case, which is whether John Hanna was an indorser with enlarged liability, or simply a guarantor. If he was an indorser in a strict commercial sense, the appellee's claim was properly allowed. If he was only a guarantor, it should not have been allowed, under the evidence before the court. The appellants rely upon *Carter v. City of Dubuque,* 35 Iowa, 416, as sustaining their contention that the contract was one of guaranty only, and that it was not negotiable. The Dubuque Central Improvement Company issued a bond payable to the city of Dubuque or brearer, and the city became a guarantor of the bond. The defense was that the guaranty was beyond the power of the city and void, and this was sustained. The statement in the opinion that " the decided weight of authority is that a contract of guaranty . is not negotiable " was foreign to any issue in the case. In *Robinson v. Lair,* 31 Iowa, 10, the defendant executed a promissory note to Warder, Mitchell & Co., which was by them

3. LIABILITY OF AN INDORSER.

indorsed as follows: "For value received we hereby guarantee payment of the within note, and waive demand and notice of non-payment thereof." It was contended that the writing on the back of the note did not convey the title of the note to the plaintiff, because it was not an indorsement of the note. In disposing of this point it was said: "We confess ourselves unable to give effect to the contract of guaranty of payment, and waiver of demand and notice, if the payees still intended to retain title. The writing simply constitutes an indorsement with an enlarged liability." The same principle was recognized in *Iowa Valley State Bank v. Sigstad, supra.* The note in suit was payable to Mr. Hanna or order, and it is undoubtedly true that he made and signed the indorsement thereon for the purpose of assisting his daughter and her husband in obtaining credit. If he did not intend to pass the title thereto or to make his guaranty negotiable, why did he execute the waiver contained in the body of the note, and by so doing make himself absolutely liable on the failure of the maker to pay? As was said in the *Robinson Case, supra,* if he did not intend to convey title thereto and to make his guaranty negotiable, no effect can be given to his waiver. The decisions in other jurisdictions are in conflict on this question, but numerically, at least, they sustain the *Robinson Case,* and the conclusion we reach in this. *Pattillo v. Alexander,* 96 Ga. 60 (22 S. E. Rep. 646, 29 L. R. A. 616); *Maine Trust & B. Co. v. Butler,* 12 L. R. A. 370, and note; *Dunham v. Peterson,* 5 N. Dak. 414 (67 N. W. Rep. 293, 36 L. R. A. 232), and extended note; *Markey v. Corey,* 108 Mich. 184 (66 N. W. Rep. 493, 36 L. R. A. 117, 62 Am. St. Rep. 698); Randolph on Commercial Paper (2d Ed.) section 860.

The evidence shows conclusively that the mortgage given to secure the note in question was a second mortgage, and furnished no security in fact. A foreclosure thereof was therefore not required of the plaintiff, *Blanding v. Wilsey,* 107 Iowa, 46.

4. SAME.

Before the note was filed as a claim against the estate, the statute of limitations had become effective against a suit on Wherry's notes to the bank, but the right of action thereon had been revived by written admission that they were unpaid. The fact that the right to maintain an action on the notes to the bank was at one time barred did not, in our judgment, release liability on the note given as collateral security therefor. The debt exists until it is paid, and the statute of limitations does not destroy it, but simply bars the remedy after the time limited. *Campbell v. Maple*, 105 Pa. 304; *Townsend v. Tyndale*, 165 Mass. 293 (43 N. E. Rep. 107, 52 Am. St. Rep. 513). The note which John Hanna indorsed has never been barred, and his estate can suffer no prejudice by the revival of the remedy against the makers of the notes which it secured, because the debt for which the note was pledged is still unpaid. *Townsend v. Tyndale, supra; Champion v. Buckingham*, 165 Mass. 76 (42 N. E. Rep. 498); 19 A. & E. Enc. 177, and notes; *Hartranft's Estate*, 153 Pa. 530 (26 Atl. Rep. 104, 34 Am. St. Rep. 717).

**5. SAME.**

The admission that the notes were unpaid was analogous to a renewal of them, and this certainly would not release the security. In Jones on Collateral Security, section 541, it is said: " A renewal of a note secured by a pledge, merely extending the time of payment, does not extinguish the debt, and is not a payment of it which will discharge the creditor's claim upon the collateral security." It is also the general rule that, where a note is secured by a mortgage, a revival of action on the note will also revive the mortgage. *Kerndt & Bros. v. Porterfield*, 56 Iowa, 412; *First Nat. Bank v. Woodman*, 93 Iowa, 668. Our own cases cited and relied upon by the appellants do not hold a contrary doctrine.

**6. SAME.**

There is no evidence tending even to show that the appellee had any knowledge when it took the note in suit that it was accommodation paper, and that the indorsement was

without consideration; but, if it had known the character thereof, it would not help the defendant's case, under the holding in *Bankers' Iowa State Bank v. Mason Hand Lathe Co.,* 121 Iowa, 570.

**7. SAME.**

The judgment is AFFIRMED.