LEWIS C. SCHMIDT, Executor, Appellant, v. CHARLES SCHURKE et ux., Appellees.

No. 46804.

FEBRUARY 11, 1947.

E. A. Raun and J. E. Shaw Van, both of Denison, for appellant.

William P. Welch, of Logan, and Robert K. Brannon, of Denison, for appellees.

HAYS, J.—August Schurke, now deceased, in 1916 executed and delivered to his son, appellee, a warranty deed to certain described real estate, subject to a $6,700 encumbrance which grantee assumed. The deed also reserved life possession in grantor and an annual rental of $480, payable each March 1st during grantor's lifetime. Grantee was required to pay all taxes assessed against the real estate and to pay, within six months after grantor's death, $2,000 to his sister, Mrs. Thiede, and $1,000

to a half sister, Mathilda Schurke. The deed was recorded by grantee, who went into possession of the real estate and has continued in possession ever since. August Schurke died in 1938 and appellant is the duly appointed and qualified executor of his estate.

In May 1939 appellant commenced this action for the collection of the rent from March 1, 1917 to and including March 1, 1938, and to foreclose his lien under the terms of the deed. Appellees allege a modification of the rental terms as expressed in the deed and ask that the deed be reformed. They further contend that appellant and his decedent are guilty of laches. The trial court held that, by agreement between August Schurke and Charles Schurke, the rental terms had been modified; also that appellant was barred by laches. The petition was dismissed and the executor appeals.

It is appellees' contention that August Schurke, at the time the deed was executed and delivered, agreed with appellee, Charles Schurke, that he (Charles) need not pay the annual rental unless grantor needed it for his living.

In support of this contention the witness Mrs. Henry Schurke testified, over proper objections, that at about the time the deed was executed she heard Charles tell his father that he could not pay the encumbrance, the taxes, the payments to his sister and half sister, together with the $480 annual rental; that his father, August Schurke, told him he did not have to, unless he, August, was down and out and needed it for his living. The objections were to the effect that this testimony was contrary to the parol-evidence rule and that the witness was incompetent under section 11257, Code of 1939, section 622.4, Code of 1946.

The record discloses that Mrs. Henry Schurke is the wife of Henry Schurke, a brother of appellee, Charles; that Henry received a deed from his father, August, at about the same time Charles received his, and that a suit is now pending against Henry and his wife. The witness is claimed to be incompetent as being an interested party.

I. Appellant's first assignment of error is that the testimony of Mrs. Henry Schurke was incompetent as being an attempt to vary a written instrument contrary to the terms

thereof. The testimony in question has been heretofore referred to. Appellees, in their answer, ask for a reformation of the written instrument in question. It is well established that the parol-evidence rule has no application where the prayer is for the reformation of the written instrument. In re Estate of Jenkins, 201 Iowa 423, 205 N. W. 772; In re Estate of Simplot, 215 Iowa 578, 246 N. W. 396.

II. Assignment of error No. 2 goes to the question of the competency of Mrs. Henry Schurke as a witness under the dead man statute. The record shows that her husband is an heir to the August Schurke estate, but neither he nor his wife is a party to the action. It also appears that the witness took no part in the conversation regarding which she testified. She was not an incompetent witness on account of her relationship. See Peck v. Foggy, 199 Iowa 922, 202 N. W. 754; Schubert v. Barnholdt, 177 Iowa 232, 158 N. W. 662; Bosserman v. Watson, 230 Iowa 627, 298 N. W. 804.

It is also claimed the witness is incompetent, under section 11257, Code, 1939 (section 622.4, Code, 1946), as she is interested in the outcome of the suit. The record does show that her husband received a deed from his father at about the same time Charles received his and that she and her husband are defendants in a suit now pending. The record does not disclose the terms of the deed nor the nature of the suit. But even assuming the deed is similar to the one in question and that the suit pending in court is similar to the instant suit, she would not be on account thereof incompetent as a witness. The interest which will make a witness incompetent to testify must be a present, certain, and vested interest. Reichart v. Downs, 226 Iowa 870, 285 N. W. 256. We have also said that the test of interest of a witness is that he will either gain or lose by direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. Lyon County Nat. Bk. v. Winter Estate, 214 Iowa 533, 242 N. W. 600; German American Sav. Bk. v. Hanna, 124 Iowa 374, 100 N. W. 57; Cutter v. Fanning, 2 (Clarke) Iowa 580. Under this record, no such interest exists.

III. Appellant's third assignment of error goes to the

sufficiency of the evidence to support the trial court's finding of laches and a consent to a modification of the rental terms by the grantor.

The record discloses that the deed was executed and delivered in 1916, at which time appellees went into possession; that appellees paid all taxes as they were assessed and paid all encumbrances against the premises. Appellees paid the daughter, Minnie Thiede, the $2,000, provided for in the deed, this payment being made, certainly with the knowledge of and probably at the request of August Schurke, some fourteen years before appellee was legally bound to pay same; they paid the half sister, Mathilda Schurke Vogel, the $1,000, as provided for in the deed, and made improvements on the premises to the extent of some $5,000. The record further shows that in 1919 August Schurke received a check for $1,180.30 from Charles Schurke; that appellees paid a $350 note of August Schurke held by the Crawford County State Bank, and August Schurke for years collected for threshing done with the machine jointly owned by August and Charles Schurke; that August Schurke is now deceased.

There is not a word of testimony to the effect that demand was ever made by August Schurke on Charles that he pay the rentals as provided for in the deed, although such payments were never made by Charles. At the time the deed was made Charles told his father he could not make all the payments including the rentals and that he was told by August Schurke that he need not do so unless he, August Schurke, should need it for his living. This is the record made by appellees. Appellant's record consists of the deed, evidencing the obligation to pay, the fact of nonpayment, and the testimony of three witnesses to the effect that Charles Schurke and his wife said, "We were supposed to pay rent but we didn't."

Is this record sufficient to sustain the finding of the lower court that August Schurke was guilty of laches and had consented to a modification of the terms of the deed? In 19 Am. Jur. 343, 344, section 498, appears the following:

"A suit is held to be barred on the ground of laches or stale demand where and only where the following facts are

disclosed: (1) Conduct on the part of the defendant * * * giving rise to the situation of which complaint is made and for which complainant seeks a remedy * * * (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right * * * (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred.''

In Keller v. Harrison, 151 Iowa 320, 324, 128 N. W. 851, 853, 131 N. W. 53, Ann. Cas. 1913A, 300, we said: "the doctrine of stale demand is a purely equitable one, arising only when from lapse of time and the laches of plaintiff it would be inequitable to allow a party to enforce his legal rights * * *.''

See, also, McNair v. Sockriter, 199 Iowa 1176, 201 N. W. 102; Copeland v. Voge, 237 Iowa 102, 20 N. W. 2d 2; Jennings v. Schmitz, 237 Iowa 580, 20 N. W. 2d 897; 30 C. J. S. 520, section 112; also 30 C. J. S. 542, section 119; Maxwell v. Graves, 59 Iowa 613, 13 N. W. 758; Strahn v. Johnson, 197 Iowa 1324, 196 N. W. 731; Kurtz v. Payne Inv. Co., 156 Iowa 376, 135 N. W. 1075.

Appellant and his decedent allowed twenty-two years to elapse, during all of which time no payments were made and no demands therefor. Appellees have fulfilled every other requirement under the deed and have made substantial improvements on the premises. The original grantor, with whom the modification agreement was alleged to have been made, is now deceased, thus materially limiting appellees' proof of the modification. Under the entire record, it would be inequitable to allow appellant to enforce this claim. The finding of the lower court is amply sustained by the record.

There being no error, the judgment of the lower court is
—Affirmed.

All JUSTICES concur.